✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED
11:13 am, Jun 15 2023
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____MD____ Deputy

8:23-mj-01698-IDD

# AFFIDAVIT IN SUPPORT OF COMPLAINT

Your Affiant, Deputy United States Marshal Christopher Cannizzaro, being duly sworn, deposes and states:

1. I am a Deputy United States Marshal. Your Affiant has been a Deputy United States Marshal (DUSM) for over 14 years. My training and experience include an extensive history in threat investigation and apprehension of fugitives. Currently, I am assigned as a District Threat Investigator for the District of Maryland. As part of taking on that responsibility, I completed a course for threat investigators during August 2017 at Marshals Headquarters in Virginia. During that course, I received specialized training in the assessment and investigation of threats against federal judges and other employees and members of the federal courts.

2. This affidavit is being submitted in support of a criminal complaint and request for arrest warrant charging defendant Lamar A. Williams with criminal contempt of court in violation of Title 18 United States Code Section 401(3).[1] I submit that there is probable cause to believe that the defendant has committed that crime.

3. I have not included all information known to investigators in connection with this investigation. I have included only that information relevant to a showing of probable cause to believe the charged offense has taken place. I do not believe that I have omitted any information that would defeat a showing of such probable cause.

## PROBABLE CAUSE

4. The criminal contempt of court investigation at issue here arose from the violation of a court order issued by Chief Judge James K. Bredar on September 10, 2021. *See In re Lamar A. Williams*, 21-mc-553, ECF No. 1 ((hereinafter the "September 2021 Order"). The September 2021 Order was issued in response to inappropriate *ex parte* communications with judges' chambers, including lengthy voicemail messages and emails with disturbing language and demands. *Id.* at 1-2. The September 2021 Order ordered as follows:

> IT IS HEREBY ORDERED by the United States District Court for the District of Maryland that Lamar A. Williams IS HEREBY BARRED from communicating with the Court except by written document properly filed with the Clerk on paper. Mr. Williams SHALL NOT submit documents for filing by email transmission. Documents may be filed by U.S. Mail, in person at the Clerk's Office, or by utilizing the drop boxes located at the entrance to each Courthouse. If Mr. Williams retains counsel to represent him, then he may only communicate with the Court through written filings submitted by his attorney; and it is further

---

[1] Criminal contempt of court in violation of 18 U.S.C. § 401(3) has three elements: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order.

> ORDERED that Mr. Williams IS STRICTLY PROHIBITED from contacting U.S. District Court (Maryland) personnel by telephone or email transmission, including judges, chambers staff, and members of the Clerk's Office.[2]

The September 2021 Order provided that a copy of the September 2021 Order would be sent to Williams's address in the court file, as well as that the U.S. Marshals Service would personally serve Williams with a copy of the September 2021 Order. The September 2021 Order was served in person to Williams on September 13, 2021.

5. On June 2, 2023, at 11:52 a.m., Williams called the chambers of U.S. District Court Judge Theodore D. Chuang for the District of Maryland and spoke with a law clerk. According to an email by the law clerk memorializing the conversation, Williams requested that the Court issue an order directing Williams' court-ordered therapist to reference Maslow's hierarchy of needs in his written assessment. When the law clerk informed Williams that the Court could not accept such a request by telephone and that Williams would need to file a request for relief in writing, Williams stated something to the effect of "If Judge Chuang can issue an Order directing me to wear an ankle monitor, surely he can issue this Order." He then referenced several judges by name, stating that they all had issued orders requiring him to take different actions, and emphasized that the Court should have the authority to direct his therapist to consider Maslow's hierarchy of needs.

6. On June 5, 2023, at approximately 12:15 p.m., Williams called the chambers of U.S. District Court Judge George L. Russell for the District of Maryland and spoke with a law clerk. According to an email by the law clerk memorializing the conversation, Williams identified himself and the case number for *Lamar A. Williams v. Nicholas Fontanez, et al.*, GLR-22-1882. Earlier that day, Judge Russell had granted the defendant's motion to dismiss William's complaint in that matter, and Williams said that because Judge Russell would not grant him the relief he believed he was entitled to, "whatever happens next, it's your fault." In response to being asked if he was making a threat, he said "No, I'm not making a threat to you, but I'm just telling you that if you're not going to grant me my relief, I'm going to go through other avenues." He also stated that "If you wanna be gangster, you're going to be treated as gangster" before hanging up the phone. The law clerk further believed that Williams had called two times previously on February 8, 2023 and February 13, 2023 to ask for relief in his pending cases.

7. The next day, on June 6, 2023, Williams emailed Judge Russell's chambers on or about 12:55 p.m. from the email address lamarw@live.com. In the email, Williams stated that he reserved "the right to submit a 59(e) Motion" and directly referenced a member of Judge Russell's family.

8. On June 8, 2023, Williams called Judge Russell's chambers at or around 12:00 p.m. and left a voicemail. In the voicemail, he identified himself as the plaintiff in case number

---

[2] The Fourth Circuit Court of Appeals affirmed the September 2021 Order, finding that "there was a clear escalation of warnings and restrictions on Williams' ability to file," and "the District court did not abuse its discretion in limiting Williams' access to the court." *See In re Lamar A. Williams*, 21-mc-553, ECF No. 7.

GLR-22-1882. Williams then addressed the "responsible law clerk" and said that it was irresponsible for them to not address his claim of "protected concerted activity." He further stated that "as attorneys, you should really be ashamed of yourselves."

9. At or around 12:45 p.m. on June 8, 2023, members of the U.S. Marshals visited Williams at his residence to remind him that the September 2021 Order was still in effect. When the U.S. Marshals arrived, they saw Williams walk up to his residence, see the Marshals, and then get into his car and begin to drive away. The U.S. Marshals then left a copy of the September 2021 Order posted on the door of Williams' home.

10. Later that day, at or around 5:21 p.m., Williams left a voicemail for Judge Russell's chambers. In the message, Williams identified himself and stated that he considered a visit by the U.S. Marshals to his home to be an attempt to intimidate him. Williams stated that in the future, the U.S. Marshals should call him to schedule an appointment to see him, and he would come downtown to discuss any issues.

11. On June 9, 2023, at approximately 6:37 a.m., Williams left a voicemail for Judge Russell's chambers. Williams referenced case number GLR-22-1882 and stated that the same energy being used to intimidate him should be used to go to the mayor's office and demand they replace the broken HVAC unit at an address in Baltimore.

12. Later that day, at or around 12:45 p.m., Williams arrived at the U.S. District Court for the District of Maryland in Baltimore with the copy of the September 2021 Order left by the U.S. Marshals. After asking to speak with the U.S. Marshals, your affiant spoke with Williams by phone. During the conversation, Williams acknowledged that he knew what the September 2021 Order said and that he had read the Order.

13. Williams was previously convicted of criminal contempt for violating a court order on July 5, 2018. *See United States v. Williams*, TDC-18-413. In that case, Williams was served with a similar court order that prohibited him from communicating with the court in any manner except through written filings. *See* ECF No. 1. After a bench trial, Williams was found guilty of violating that order by continuing to send emails to and leave voicemails for Chief Judge Bredar's chambers.

14. I believe that there is probable cause to believe that the defendant has committed willful violations of Chief Judge Bredar's Orders on each of the occasions listed above. There is specifically probable cause to believe that the defendant's above communications were willful violations of Chief Judge Bredar's September 2021 Order.

*Christopher Cannizzaro*
_____
Christopher Cannizzaro
Deputy United States Marshal

Subscribed and sworn to me in accordance with Fed. R. Crim. P. 4.1 by telephone this 14th day of June, 2023 at 6:05 p.m.

Digitally signed by Ivan D. Davis
Date: 2023.06.14 18:32:46 -04'00'
_____
Hon. Ivan D. Davis
United States Magistrate Judge