IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MARYLAND

Greenbelt Division

| | |
|---|---|
| UNITED STATES OF AMERICA            ) | |
| ) | |
| v.                                                              ) | Case No. 8:23-MJ-1698 |
| ) | |
| LAMAR A. WILLIAMS,                         ) | Hon. John F. Anderson |
| Defendant.                                       ) | |

GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT
EVIDENCE PURSUANT TO RULE 404(b)

The United States of America, through undersigned counsel, hereby moves *in limine* for the Court to admit, pursuant to Federal Rule of Evidence 404(b), evidence of prior bad acts by defendant Lamar A. Williams, namely, his December 4, 2018, conviction for Criminal Contempt, in Criminal Case 8:18-cr-413. The government seeks to admit this evidence to prove that Lamar Williams had the willful intent to violate the September 10, 2021, Order of the Honorable James K. Bredar, Chief Judge of the United States District Court for the District of Maryland.

I.     **STANDARDS OF ADMISSIBILITY**

Rule 404(b) provides that evidence of other crimes, wrongs, or acts may not be admitted to prove that a defendant acted in conformity with his character, but may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Rule's list of purposes for which uncharged bad acts may be admitted is illustrative rather than exclusionary. *United States v. Percy*, 765 F.2d 1199, 1203 (4th Cir. 1985). Consequently, the Rule is characterized as an inclusive one, admitting all evidence of other crimes or acts except those which tend to prove only criminal disposition. *Id.*

The Fourth Circuit has developed a four-pronged test to protect against the dangers that Rule 404(b) is intended to address. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of prior bad acts is admissible if it meets the following criteria: (1) the evidence must be relevant to an issue other than character; (2) the act must be necessary in the sense that it is probative of an essential claim or an element of the offense; (3) the evidence must be reliable; and (4) as required by Federal Rule of Evidence 403, the evidence's probative value must not be substantially outweighed by unfair prejudice, in the sense that it subordinates reason to emotion in the fact-finding process. *Id*. at 995-997; *see United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). The government's evidence meets this four-pronged test.

## II.     DEFENDANT'S PRIOR CONVICTION

In January 2017, Defendant Lamar A. Williams filed a civil complaint in the matter of Williams v. Baltimore County Government, Civ. No. JKB-17-066 (D. Md.). The case was assigned to the Chief Judge James K. Bredar. During the course of that litigation, Williams repeatedly called or emailed chambers staff and attempted to engage in ex parte communications with the Court. On February 9, 2018, Chief Judge Bredar issued an order barring Williams from communicating with the Court "except in a written and properly filed motion, response to a motion or court order, or reply on a motion." When additional communications ensued, Chief Judge Bredar issued a second order on March 6, 2018. Williams continued to violate the orders, and on August 11, 2018, was charged with criminal contempt in violation of 18 U.S.C. § 401(3). Williams was convicted of criminal contempt at trial on December 4, 2018, and received a time-served sentence of 47 days.

### III. ELEMENTS OF THE CRIME

To prove a violation of 18 U.S.C. § 401(3), the government must establish (1) the existence of a "reasonably specific order"; (2) a "violation of the order"; and (3) "the willful intent [of the defendant] to violate the order." *In re Gates*, 600 F.3d 333, 338–39 (4th Cir. 2010) (quoting *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009) (per curiam)). Evidence that Williams was previously convicted of the same crime is relevant to the third element.

#### A. First and Second *Queen* Factors

Evidence that is "relevant to an issue, such as an element of an offense" and "necessary in the sense that it is probative of an essential claim or an element of the offense" can be admitted under *Queen*. *See*, *Queen* 132 F.3d at 997. Relevancy increases "the more similar the prior act is … to the act being proved." *Id*. Evidence that Williams was previously convicted of violating the same statute with which he is currently charged is highly relevant because it put Williams on notice that similar conduct would also be viewed as a violation of a similarly worded order.

The evidence is also necessary because it is probative of Williams' willfulness and intent. The third element of § 401(3) requires the government to prove that Williams had the "willful intent to violate the order." Evidence that he was previously convicted of the same charge when engaged in similar conduct is probative of intent and undercuts any argument that Williams acted out of mistake, confusion, or other innocent reason.

#### B. Third and Fourth *Queen* Factors

Evidence of his prior conviction also satisfies the third and fourth factors of the *Queen*

test. As to the third *Queen* factor, reliability, the evidence is reliable because it is a prior conviction from this court. Evidence is reliable for Rule 404(b) purposes if it is sufficient to allow the factfinder to reasonably conclude, by a preponderance of the evidence, that the acts occurred and that the defendant was the actor. *Huddleston v. United States*, 485 U.S. 681, 689-90 (1988). Court documents have been found to be reliable. *See United States v. Minor*, 498 Fed.Appx 278, 281 (4th Cir. 2012).

Finally, the proffered evidence satisfies the fourth *Queen* requirement, compliance with Rule 403, because the probative value of the evidence is not substantially outweighed by the undue prejudicial effect. *See United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998); Fed. R. Evid. 403. There is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the crime with which the defendant is charged. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995); *see Van Metre*, 150 F.3d at 351.

## IV.    CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion *in limine*.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:  _____/s/_____
Patricia Haynes (VA 49038)
Special Attorney
Allaya Lloyd
Special Assistant U.S. Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
Patricia.haynes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I electronically filed a copy of the Government's Motion In Limine to Admit Evidence Pursuant to Rule 404(b), using the CM/ECF system, which sent a notification of such filing (NEF) to all parties in the case.

      /s/_____
Patricia Haynes
Assistant United States Attorney
VA Bar No. 49038
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
fax (703) 549-5201
Patricia.haynes@usdoj.gov