IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MARYLAND

Greenbelt Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 8:23-MJ-1698 |
| | ) | |
| LAMAR A. WILLIAMS, | ) | Hon. John F. Anderson |
| Defendant. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, through undersigned counsel and in accord with 18 U.S.C. § 3553(a) hereby provides its position with respect to sentencing for defendant Lamar A. Williams. The United States requests that this Court adopt the findings of the Pre-Sentence Investigation Report ("PSR"), which indicates that the maximum period of incarceration is not more than six months, and the maximum period of probation is not more than five years.

The government does not request incarceration but asks the Court to impose the maximum of five years of probation. The government believes that the maximum probationary period is warranted based on both the § 3553(a) factors and the likelihood that the defendant will revert to the same conduct if he is not under supervision. An extended probationary period is justified based on the nature and circumstances of the offense, which led to unneeded and significant stress for multiple court personnel and consumed extensive resources from the United States Marshals Service. The defendant's personal history and characteristics, the need to promote respect for the law - and court orders in particular, and the need to deter the defendant and others from such conduct in the future also weigh in favor of an extended period of probation.

This is the defendant's second conviction for Criminal Contempt. His first conviction was on December 11, 2018, and he was sentenced to time served with no period of probation. With no repercussions looming, the defendant began to re-engage in the same harassing and inappropriate conduct. He sent emails to several chambers and the clerk's office attempting to discuss the substance of his cases, complained about opposing counsel or judges of the court, and made other inappropriate demands and requests, some of which contained disturbing language. He also repeatedly contacted chambers by telephone to discuss the same and left lengthy voicemails when his calls went unanswered. Chief Judge Bredar found his conduct "wholly inappropriate and disruptive to court operations" (Order, September 10, 2021). His repeated violations of the Order culminated in this current charge and conviction.

For these reasons, the government believes that placing the defendant on five years of probation is necessary to motivate the defendant to comply with whatever probationary conditions are imposed, and to help ensure he does not re-offend in the future.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Patricia Haynes (VA 49038)
Special Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
Patricia.haynes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed a copy of the Government's Position on Sentencing, using the CM/ECF system, which sent a notification of such filing (NEF) to all parties in the case.

          /s/
Patricia Haynes
Special Attorney
VA Bar No. 49038
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
Patricia.haynes@usdoj.gov